```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL            NOT FOR PUBLICATION
INSURANCE COMPANY, and GEICO CASUALTY
COMPANY,                                      ORDER ADOPTING IN
                                              PART AND MODIFYING IN
                                              PART REPORT
                      Plaintiffs,             AND RECOMMENDATION

      -against-                               11-CV-3781 (KAM)(VVP)

LEICA SUPPLY, INC. and GRIGORY
BRANFENBRENER,

                      Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On July 26, 2011, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "plaintiffs") commenced the instant action against remaining defendants Leica Supply, Inc. ("Leica") and Grigory Branfenbrener ("Branfenbrener," and collectively with Leica, "defendants")[1] asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations statute ("RICO") and New York common law for fraud and unjust enrichment, seeking recovery of funds that defendants fraudulently obtained from plaintiffs by submitting false claims for payment for durable medical equipment and

---

[1] Subsequent to the commencement of this action, plaintiffs dismissed their claims against all other named defendants in this action pursuant to settlements or voluntary dismissals.

orthotic devices. (*See generally* ECF No. 1, Complaint dated 7/26/11 ("Compl.").) Plaintiffs further seek a declaratory judgment that defendant Leica has no right to receive payment for any pending claims submitted by Leica to plaintiffs. (*Id.* ¶ 152(A).) Plaintiffs properly served a copy of the Summons and Complaint upon defendants. (ECF No. 8, Executed Summons as to Leica; ECF No. 57, Executed Summons as to Branfenbrener.) Defendants failed to answer or otherwise respond to the Complaint, despite having received proper service, notice, and an opportunity to respond.

Accordingly, at plaintiffs' request, the Clerk of the Court issued an entry of default against defendant Leica on November 1, 2011 and against defendant Branfenbrener on December 19, 2011. (ECF No. 30, Request for Certificate of Default against Leica; ECF No. 38, Clerk's Entry of Default against Leica; ECF No. 70, Request for Certificate of Default against Branfenbrener; ECF No. 71, Clerk's Entry of Default against Branfenbrener.) On April 3, 2012, plaintiffs filed a motion for entry of default judgment against defendant Branfenbrener. (ECF No. 106, Motion for Default Judgment against Branfenbrener; ECF No. 106, Exh. 8, Certificate of Service of Default Motion on Branfenbrener.) In addition, on April 4, 2012, plaintiffs filed a motion for entry of default judgment against defendant Leica.

(ECF No. 109, Motion for Default Judgment against Leica; ECF No. 109, Exh. 8, Affidavit of Service of Default Motion on Leica.)

By Order dated July 30, 2012, the court referred plaintiffs' default motions against defendants to Magistrate Judge Viktor V. Pohorelsky for a Report and Recommendation. (Order Referring Motions dated 7/30/12.)  On March 6, 2013, Judge Pohorelsky issued a Report and Recommendation recommending that the court grant plaintiffs' motions for entry of default judgment against defendants and award plaintiffs a total of $146,720.20, for which Leica and Branfenbrener are jointly and severally liable in the amount of $48,906.76, and for which Branfenbrener is individually liable in the amount of $97,813.52.  (*See* ECF No. 122, Report and Recommendation dated 3/6/13 ("R&R") at 1, 15.)  Judge Pohorelsky further recommended that the court enter a declaratory judgment "stating that plaintiffs are not obligated to pay any of the outstanding claims in the amount of $392,065.84 submitted by Leica."  (*Id.* at 15.)

Judge Pohorelsky directed plaintiff to serve a copy of the R&R on defendants and to file proof of service with the court.  (*Id.* at 16.)  On March 8, 2013, plaintiff properly served the R&R on defendants.  (ECF Nos. 123-124, Certificates of Service of R&R on Defendants.)  In his R&R, Judge Pohorelsky

further notified the parties of the right to file written objections within fourteen days of receipt of the R&R.  (R&R at 15.)  To date, neither party has filed an objection to the R&R, and the time to do so has since passed.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made.  *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing Fed. R. Civ. P. 72(b)(3); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1).

Where no proper objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'"  *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Servs.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y.

2001). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

Upon a careful review of the record and Judge Pohorelsky's well-reasoned R&R, the court hereby adopts in part and modifies in part the R&R. The court adopts Judge Pohorelsky's R&R as the opinion of the court in all respects, except for his recommendation that plaintiffs' request for a declaratory judgment be granted.[2] (*See* R&R at 13-15.)

Judge Pohorelsky recommends that the court grant plaintiffs' motion for a declaratory judgment that plaintiffs are not obligated to pay the outstanding unpaid claims to defendant Leica in the amount of $392,065.84. (R&R at 13-15.) As Judge Pohorelsky notes, "[a]ccording to the Declaratory Judgment Act, a court may exercise its discretion to issue a declaratory judgment . . . in cases where the party seeking the

---

[2] The court notes that the calculation of treble damages awarded under RICO against defendant Branfenbrener, as set forth in Judge Pohorelsky's R&R, requires minor adjustment due to a minor mathematical error. (*See* R&R at 13, 15.) Upon independent calculation, the court finds that plaintiffs are entitled to treble damages in the amount of $146,720.28, rather than $146,720.20.

declaratory judgment can demonstrate the existence of an actual case or controversy." (R&R at 13-14 (citing 28 U.S.C. § 2201(a); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)).) The Second Circuit has held that a court considering the exercise of its authority under the Declaratory Judgment Act must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012) (citation omitted). The Second Circuit, however, has also noted with approval that other circuits have added to these considerations "(1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to *res judicata*'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." *Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012). Lastly, the United States Supreme Court has cautioned that

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another

6

> suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 338 (2d Cir. 2005) ("The *Brillhart* abstention doctrine allows a district court in its discretion to abstain from rendering a declaratory judgment when the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." (internal quotations omitted)).

In this case, many of the unpaid claims in dispute between plaintiffs and LEICA appear to be subject to pending litigation. As established by the review, analysis, and evaluation of GEICO Manager Sunil Khandpur, the amount of unpaid claims that remain active and in dispute between plaintiffs and Leica is $392,065.84. (*See* ECF No. 109, Exh. C, Declaration of Sunil Khandpur ("Khandpur Decl.") ¶ 8.) In his Declaration, Mr. Khandpur avers that his computation of the amount of unpaid claims is based, in part, on GEICO-generated spreadsheets "showing the total number of active lawsuits with the total amount in dispute for all pending actions." (*Id.* ¶ 5(b).) The

7

spreadsheets referenced by Mr. Khandpur are attached to his Declaration as Exhibits C-1 and C-2. (ECF No. 109, Exh. C-1, GEICO-Generated Spreadsheet C-1 Setting Forth Unpaid Leica Claims ("Spreadsheet C-1"); ECF No. 109, Exh. C-2, GEICO-Generated Spreadsheet C-2 Describing Unpaid Leica Claims ("Spreadsheet C-2").) Mr. Khandpur explains that Spreadsheet C-1 "contains GEICO's total exposure for Leica claims, which is comprised of the total amount in litigation, combined with the total amount received in billing, but not yet in suit or paid." (Khandpur Decl. ¶ 5(b).) Moreover, as set forth in Spreadsheet C-1, $282,190.87 of the $392,065,84 in unpaid claims is categorized as "Total Litigation Ad Damnum." (Spreadsheet C-1.) Spreadsheet C-1 further indicates that there are 133 total suits pending between Leica and plaintiffs. (*Id.*)

The record before the court does not specify whether any of the pending suits described in Spreadsheet C-1 are state or federal court suits, whether those suits predate the instant action, the procedural posture of the suits, or whether those suits involve questions of state or federal law. Without further clarification from plaintiffs, the court finds that the pendency of 133 lawsuits presents the palpable risk that the issuance of a declaratory judgment by this court would aid plaintiffs in "procedural fencing" or a "race to *res judicata*,"

or would "encroach on the domain" of any state court tribunals adjudicating any pending suits between plaintiffs and Leica. *Chevron Corp.*, 667 F.3d at 245.

Accordingly, in an abundance of caution, the court denies plaintiffs' motion for a declaratory judgment without prejudice to renew upon a more detailed description of the status, nature, and procedural posture of the pending actions referenced in Mr. Khandpur's Declaration and Spreadsheet C-1.[3]

## CONCLUSION

For the foregoing reasons, the court finds that judgment should be entered in favor of plaintiffs and against defendants as follows:

(1) plaintiffs are awarded a total of $146,720.28 in damages on their RICO, unjust enrichment, and fraud claims against defendants. Defendants Leica and Branfenbrener are jointly and severally liable in the

---

[3] The court notes that this approach is consistent with the result reached in a recent case before this court involving the same GIECO plaintiffs seeking a default judgment in the instant action. *See Gov't Emps. Ins. Co. v. Li-Elle Serv., Inc.*, No. 12-CV-2157, 2013 WL 829274, at *3 (E.D.N.Y. Mar. 6, 2013). The court acknowledges that, in *Li-Elle*, the record demonstrated that there were "several dozen lawsuits filed by Li-Elle against plaintiffs in New York Civil Court, Bronx, New York, Kings, and Queens Counties," many of which predated the commencement of the federal action and involved questions of New York state contract law. *Id.* Although the record in this case provides no such clarity as to the 133 pending lawsuits between plaintiffs and Leica referenced in Spreadsheet C-1, the court finds that denial without prejudice is appropriate in order to ensure that this court does not aid plaintiffs in any potential procedural fencing and does not encroach upon the domain of any other court adjudicating pending suits between plaintiffs and Leica.

amount of $48,906.76, and defendant Branfenbrener is individually liable in the amount of $97,813.52;[4] and

(2) plaintiffs' request for a declaratory judgment that plaintiffs are not obligated to pay the outstanding unpaid claims to defendant Leica in the amount of $392,065.84 is denied without prejudice to renew. Plaintiffs shall file a status letter via ECF no later than April 5, 2013 indicating whether they intend to re-file their motion for a declaratory judgment or withdraw the claim for a declaratory judgment.

The Clerk of the Court is respectfully requested to enter partial judgment in accordance with this Order. Because plaintiffs may renew their request for a declaratory judgment, the Clerk of the Court is respectfully instructed not close this case. Plaintiffs' counsel is directed to serve a copy of this Order upon defendants Leica and Branfenbrener and to file proof of service on the docket no later than April 5, 2013.

**SO ORDERED.**

Dated:   March 30, 2013
         Brooklyn, New York

                                    _____   ____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge

---

[4] As set forth in Judge Pohorelsky's R&R, plaintiff asserts RICO claims only against Branfenbrener. (R&R at 4, 10, 13.) Thus, defendant Branfenbrener alone is liable for the treble damages awarded under RICO.